IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.     No. Civ. 98-178 JC/WWD
        Cr. 96-220 JC

ALFRED J. ELLIK,

    Defendant.

**MAGISTRATE JUDGE'S PROPOSED FINDINGS
AND RECOMMENDED DISPOSITION**

    1.  THIS MATTER comes before the Court upon petitioner's Motion for Return of Seized Property, filed January 20, 1998.[1]  Petitioner seeks the return of "personal items" which were not used in his trial and allegedly not subject to seizure.  These items include car titles, bill ledgers, a pistol, pager, family photographs, computer disks and miscellaneous receipts.

    2.  Petitioner's case is now pending on appeal. [No.Cr. 96-220 JC, docket #387].  The government asks that these items be maintained in its custody in the event they are needed for a retrial.  The Government has indicated that should Ellik's appeal be unsuccessful, personal items that are not subject to seizure would be returned.

    3.  In determining whether an issue is fit for judicial review, the central focus is on "whether the case involves uncertain or contingent future events that may not occur as anticipated, or indeed

---

[1] Although plaintiff filed this motion as a Motion for Return of Property pursuant to Fed.R.Crim.P. 41(e), it is docketed as a motion pursuant to § 2255.  Actually, petitioner should have filed a civil action seeking to recover the money pursuant to 28 U.S.C. § 1331.  See United States v. Clark, 84 F.3d 378, 380 (10th Cir. 1996); see also United States v. Robinson, 78 F.3d 172, 174 (5th Cir. 1996).  However, his *pro se* pleading must be treated liberally as seeking the proper remedy.  Id.

may not occur at all."  New Mexicans for Bill Richardson v. Gonzales, 64 F.3d 1495, 1499 (10th Cir. 1995).  In view of the fact that at this time it is not clear what items will be forfeited, I find that petitioner's motion is not yet ripe for review.  See Garrick v. Weaver, 888 F.2d 687, 698-94 (10th Cir. 1989), cited in 75 F.3d 1470, 1492 (10th Cir. 1996), overruled on other grds, United States v. Ursery, 518 U.S. 267 (1996) and recognized by U.S. v. One Parcel of Real Property Described as Lot 41, Berryhill Farm Estates, 128 F.3d 1386 (10th Cir. 1997).

4.  Accordingly, petitioner's motion for return of property should be dismissed without prejudice for lack of jurisdiction.  Gonzales at 1499 (the question of ripeness, like other challenges to a court's subject matter jurisdiction, is treated as a motion under Rule 12(b)(1)).

## Recommendation

I recommend that petitioner's Motion for Return of Seized Property, filed January 20, 1998 be denied and dismissed without prejudice.

Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations.  A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations.  If no objections are filed, no appellate review will be allowed.

_____
UNITED STATES MAGISTRATE JUDGE